Howedd, J.
These two suits are instituted to recover of defendant, as tutrix, the fees of counsel employed by the under-tutor, in an action to deprive the defendant of the tutorship and to oppose an account of her administration, filed by her under an order of Court, in both of which proceedings the under-tutor failed, except in an unimportant item of interest in the account.
The defense is, that the proceeding on the part of the under-tutor was indiscreet, unnecessary, and injurious to the minor’s interests, and not being authorized to employ counsel, and their services not inuring to tlv> advantage of the minor,' he alone is personally responsible for such services.
It is not denied that, if the proceedings instituted by the under-tutor had been successful, the estate of the minor would have been liable for *154 fees of counsel therein; and the question is presented, who is responsible for the fees, as the litigation has terminated in favor of the tutrix ?
The law provides that the under-tutor may prosecute the removal of the tutor when the Judge shall think there is probable causo for removal, and permits the accounts of tutors to be homologated contradictorily with the under-tutor (see C. P. 1016; Acts 1855, p. 40), which necessitate the employment of counsel. 5 A. 165. Wo do not understand that the compensation of counsel in such cases depends on success ; and, ns the under-tutor receives no compensation and has no direct pecuniary interest in the result, we think he cannot be held liable in cast', of failure, unless, indeed, it appear that he acted in bad faith. His being unable to make the cause, which the Judge considered probable, a positive and successful one, does not of itself prove bad faith. And so in his inability to establish his opposition to an account. The proceedings in each case are under the eye of the Judge, who can easily detect any improper practice, and protect the interests of the minor and tutor by dismissal or otherwise. Great watchfulness, discretion and delicacy are to be exercised by Courts in such matters ; and although the proceedings in question may have been unduly protracted and complicated, -we do not. consider them unwarranted or unauthorized on the part of the under-tutor, and we are of opinion that his counsel should be reasonably compensated,
Upon an examination of the questions properly involved in the pleadings, under the law applicable to such proceedings, the amount of legal skill and labor required, and the opinions of the two District Judges, before whom tire-proceedings were conducted, we have come to the conclusion that a fee of one thousand dollars each will be a fair and just reward to the plaintiffs, to be paid by the minor, now emancipated and made a party defendant.
It is therefore ordered, that the judgment of the lower Court bo reversed, the verdict of the jury set aside, and it is now ordered that plaintiff recover of Amelia Rixner, a minor emancipated, the sum of §1,000, with costs in both Courts.
[Same judgment in each case.]